Madden, Judge,
delivered the opinion of the court:
The findings in this case are based upon an agreed statement of facts. It is agreed that plaintiff’s labor costs in the performance of its subcontracts on Government contracts for post offices at Philadelphia and Allentown, Pa., and Jersey City, New Jersey, were increased by $3,538.77 when it reduced hours and increased wages to conform to the Lumber and Timber Products Code. This increase was “a result of the enactment of the National Industrial Recovery Act” within the meaning of the act of June 25, 1938, 52 Stat. 1197, and plaintiff is entitled to reimbursement of that amount. See Dravo Corporation v. United States, No. 44280, decided by this court May 5, 1941.
Plaintiff also seeks to recover $828.51 for National Recovery Administration Code fees paid on flooring produced by it for use on these same jobs. The defendant concedes that the claimed amount was paid but urges that plaintiff, without being required to do so, paid duplicate fees on the same product on two of the jobs, and should be reimbursed for only one such fee on each job.
There was, under the National Recovery Administration, one code for the lumber and timber products industry as a whole, and one code authority, Lumber Code Authority, Inc. For convenience of administration the industry was divided into some thirty-six divisions, apparently according to the products of the members. Plaintiff, being principally a manufacturer of maple flooring, became a member of Division 35, which consisted of “manufacturers of maple, beech, and birch flooring.” In April 1934 an amendment to the code was made establishing a new division, called 35A, comprising “manufacturers of specialty wood flooring” producing “blocks, planks, parquetry, herringbone, and other specialty types of wood flooring.” This division was for products “not otherwise included under this code or any other code approved by the National Recovery Administration.”
*729 Plaintiff paid to the Lumber Code Authority fees on the Philadelphia and Allentown contracts on two bases and through two divisions of the Authority. Under Division 35,. as a producer of maple flooring, it paid on the basis of the number of feet of flooring produced. Under Division 35A, as a manufacturer of block flooring, it paid on the basis of value of shipments. These fees were for the same prod-? uct — the block flooring used on the two jobs.
Plaintiff was not required by the code to pay duplicate fees. It seems to have done so voluntarily and without protest or question. It claims that both these expenditures occurred “as a result of the enactment of the National Industrial Eecovery Act” within the meaning of the act of 1938, and that therefore plaintiff should be compensated for the amounts of both fees.
We think plaintiff cannot recover for both of the duplicate fees paid on the Philadelphia and Allentown jobs. It may recover the higher amount paid by it on the flooring used on each job, viz $410.06 through Division 35A for Philadelphia, and $15.66 through Division 35 for Allentown. It may also recover $10.88 which it paid through Division 35 for Jersey City, which job was completed before Division 35A was set up.
We do not think that Congress intended that every increased expenditure by a contractor with the Government which followed the enactment of the Eecovery Act and which had any relation at all to that Act, was to be treated as a “result” of its enactment. The payment, without question or protest, of double fees to the same code authority on the same products, when the rules did not require it, was not a natural consequence of the enactment of the Eecovery Act and was not, we think, a “result” of its enactment, within the meaning of the 1938 statute.
Plaintiff is entitled to recover $3,975.37. It is so ordered.
Jones, Judge; Littleton, Judge; and Wtiauet, GMef Justice, concur.
Whitaker, Judge, took no part in the decision of this case.
*730 No. 44401.
November 3, 1941

Kollmorgen Optical Corporation.

The court in making special findings of fact, found that the plaintiff, a New York Corporation, had complied with the provisions of the Act of June 25, 1938, as to suits thereunder. The court made further findings substantially as follows:
3. On March 7, 1933, plaintiff entered into a contract with the defendant, being numbered NOs-30671, for furnishing altiperiscopes and tool boxes to the defendant’s Navy Department. The contract was for a fixed price and for future delivery. Plaintiff delivered altiperiscopes and tool boxes to the defendant’s Navy Department pursuant to said contract, and completed the contract on February 20, 1935. The major part of the performance of this contract by plaintiff occurred after the enactment of the National Industrial Recovery Act (48 Stat. 195).
4. The contract prices for which provision was made in the contract were based upon costs of labor and materials prevailing prior to March 7,1933.
5. Plaintiff signed the President’s Reemployment Agreement on or about August 21, 1933. A copy of said Reemployment Agreement is in evidence as plaintiff’s exhibit No. 1, and is made a part hereof by reference.
6. Pursuant to paragraphs 3 and 7 of the President’s Reemployment Agreement, plaintiff reduced labor hours from 43% hours per week to 40 hours per week.
7. The Code of Fair Competition for the Scientific Apparatus Industry, Code No. 114, was approved November 14, 1933. Plaintiff operated pursuant to said code throughout the remainder of its contract with the United States on a 40-hour week schedule. A copy of Approved Code No. 114 is in evidence as plaintiff’s exhibit No. 2, and is made part hereof by reference.
8. Plaintiff increased wages of its employees November 1, 1933, believing that it was required to do so pursuant to sections 3 and 7 of the President’s Reemployment Agreement, and paragraphs 1 and 5 of Article IV of said Code, so that the individual weekly rate remained the same *731 for a 40-hour week as had been the case of the 43%-hour week in effect prior thereto.
9. At the hearing plaintiff withdrew its claim that material and overhead increases resulted from the enactment of the National Industrial Recovery Act, supra. The total increase in labor costs applicable to the performance of the contract is $752.76. Schedule showing in detail the increased costs of labor is in evidence as plaintiff’s exhibit No. 3, which is made part hereof by reference.
This increase in the sum of $752.76 resulted from the enactment of the National Industrial Recovery Act.
The court decided that the plaintiff was entitled to recover.
JoNes, Judge,
delivered the opinion of the court:
Suit was brought to recover increased costs incurred in fulfilling a Government contract during the period when the National Industrial Recovery Act (48 Stat. 195) was in effect.
On March 7, 1933, plaintiff entered into a contract with the Government to furnish certain types of periscopes and tool boxes to the Navy Department. The contract was for future delivery. Delivery was made according to its terms and the contract was completed February 20, 1935.
Claim was filed for $3,341.71 as the increased material and labor cost alleged to have been the result of the enactment of the National Industrial Recovery Act, supra.
At the hearing the plaintiff withdrew its claim for material cost and relied only on the item of increased labor cost.
The amount of increased labor cost was not contested by the defendant.
The plaintiff signed the President’s Reemployment Agreement, and increased its wages on November 1, 1933, so that the wages remained the same for the 40-hour week thereafter used as they had been for the 43%-hour week theretofore in effect.
Schedule showing in detail the increased labor cost is in evidence. The total increase applicable to the performance *732 of the contract was $752.76. This increase was the result of the enactment of the National Industrial Kecovery Act. Plaintiff is entitled to recover the sum of $752.76.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
JUDGMENTS ENTERED
In accordance with the provisions of the Act of June 25, 1938, on motion of the several plaintiffs (to which no objection had been filed by the defendant), and upon the several stipulations by the parties, and in accordance with the report of a commissioner in each case recommending that judgment be entered in favor of the respective plaintiffs in the sums named, it was ordered that judgments be entered as follows, for increased costs under the National Industrial Kecovery Administration Act.
On October 6, 1941
No. 44093. Johnson City Foundry & Machine Co., Inc- $550.19
No. 44476. Brown Shoe Company, Inc-2, 318.11
No. 44541. Nachtegall Manufacturing Company- 1,322.41
PETITIONS DISMISSED
Cases under the Act of June 25, 1938, in which petitions were dismissed:
On June 2, 1941
No. 44449. Abraham Schreiber.
On October 6, 1941
No. 44477. John R. Bedding.
No. 44558. Boone & Webster, Inc.
No. 44559. Boone & Webster, Inc.
No. 44560. Euclid Crane & Hoist Co.
No. 44561. E. M. Carmell Company.